IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| VISHAL GOEL, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO.  07-CV-1034 |
| PATNI COMPUTER SYSTEMS, INC., | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

**BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:**

Before the Court is Plaintiff's Amended Motion for Default Judgment [9] filed March 28, 2007, Defendant's Motion for Leave to File Its Answer to Plaintiff's Complaint [10] filed April 3, 2007, and Defendant's Opposition to Plaintiff's Motion for Default [11] filed April 3, 2007.  The Court is proceeding with a Report and Recommendation as Plaintiff's Amended Motion for Default Judgment [9] is dispositive in nature.

BACKGROUND

On February 13, 2007, a Notice of Removal from McLean County Circuit Court was filed in the Peoria Division of the Central District of Illinois [1].  On February 14, 2007, a text order was entered by the undersigned directing the Defendant to answer or otherwise plead by March 26, 2007.  On March 19, 2007, Defendant filed its Motion to Transfer Venue [6] to United States District

Court for the District of Massachusetts.  Thereafter, on March 28, 2007, Plaintiff filed his Amended Motion for Default Judgment [9] due to Defendant's failure to answer or otherwise plead in the Central District of Illinois on or before March 26, 2007.

From a review of Defendant's Opposition to Plaintiff's Motion for Default [11] and Defendant's Motion for Leave to File Its Answer to Plaintiff's Complaint [10], it is clear that counsel for the parties were discussing an extension of the deadline of March 26, 2007 to allow the Court to rule on Defendant's Motion to Transfer Venue [6].[1]  However, the lines of communication between counsel for the two parties broke down, and while Defendant's counsel was waiting for an answer to an agreed extension of time to answer or otherwise plead, Plaintiff filed his Amended Motion for Default Judgment [9].

Defendant's answer was due March 26, 2007.  Its Motion for Leave to File Its Answer to Plaintiff's Complaint [10] was filed April 3, 2007 - a total of eight (8) days late.

Defendant's response indicates that Defendant has now appeared and is defending the case.  Therefore, default isn't proper under Rule 55(a). Defendant argues it is entitled to have the case decided on the merits, and

---

[1] The Court is currently reviewing Defendant's Motion to Transfer Venue and Plaintiff's response and will rule in due course.  A Rule 16 conference will not be set pending ruling on the Motion to Transfer Venue.

since it appeared and filed its Motion to Transfer Venue [6] before Plaintiff sought default, default should not be granted.  Defendant additionally states that the Complaint and all its attachments were not provided to defense counsel until March 16, 2007.  Defendant is basically saying that there was an administrative delay in getting the summons and complaint from the person served to counsel.  Defendant argues the brief delay between the due date and the appearance does not warrant the entry of default judgment.

## ANALYSIS

The Seventh Circuit has long held that the decision to enter default lies within the District Court's discretion.  <u>O'Brien v. R.J. O'Brien & Assocs., Inc.</u>, 998 F.2d 1394, 1398 (7th Cir., 1993).  Because a default judgment is a harsh sanction, it should be employed only in extreme situations when other less drastic sanctions have proven unavailing.  <u>C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.</u>, 726 F.2d 1202, 1205 (7th Cir., 1984).  Herein, default has not been entered, merely a motion for entry of default judgment has been filed.  Defendant is ready to file its answer at this time.  The Defendant's failure to file a responsive pleading by March 26, 2007 has caused only a minimal delay herein.  The Court does not see prejudice to the Plaintiff in allowing this case to be litigated on its merits.

Herein, if default had been entered, the Defendant under these facts would have grounds to move to vacate default under Rule 60(b) as it has shown good cause for the default, quick action to correct it, and a meritorious defense.  See Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir., 1991).

## CONCLUSION

UNDER THESE FACTS, IT IS RESPECTFULLY RECOMMENDED that Plaintiff's Amended Motion for Default Judgment [9]  be DENIED.  That Defendant's Motion for Leave to File Its Answer to Plaintiff's Complaint [10] be ALLOWED, and that the Clerk be directed to file *instanter* Defendant's Answer.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten (10) working days after service of this Report and Recommendation.  Fed. R. Civ. P. 72(b);  28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986).  See also Local Rule 72.2.

ENTERED this 12th day of April, 2007.

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE