IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Vishal Goel, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-1034 |
| ) | |
| Patni Computer Systems, Inc. ) | |
| ) | |
| Defendant. ) | |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff filed this lawsuit in McClean County Circuit Court against his former employer, Patni Computer Systems, Inc. ("Patni"). Patni removed the case to federal court based on diversity jurisdiction, to which Plaintiff did not object.

The case is now before the Court on Defendant's motion to transfer venue to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. Section 1404 (a). (d/e 6). For the reasons below, the Court denies the motion.

**BACKGROUND**

Patni is a company organized under the laws of the Republic of India, providing computer consultants to businesses throughout the United

States. (Complaint ¶ 10). Patni asserts it is incorporated in Massachusetts and has its principal place of business in Massachusetts. Patni has a registered agent in Illinois, and its Illinois clients include the State Farm Fire and Casualty Company ("State Farm") located in Bloomington. (Complaint ¶ 12). Reportedly, about 80 Patni employees work in the Bloomington office and nearly 400 Patni employees work in the Bloomington area. (d/e 12, p. 6).

Pursuant to a "Master Alliance Agreement," Patni fills works orders from State Farm with Patni employees. (Complaint ¶ 13, 23-26). Apparently pursuant to such a work order, Patni employed Plaintiff, a citizen of India, to provide computer consulting for State Farm in Bloomington, Illinois, beginning in January 2004. (Complaint ¶ 13). Plaintiff came into the United States to perform this work on "H-1B non-immigrant status." Id. This status was achieved on petition by Patni and approval by the United States Citizenship and Immigration Service. (Complaint ¶ 14, 27). Under the Immigration and Nationality Act, H-1B employees must be paid the prevailing local wage or the actual wage, whichever is greater, in order to eliminate economic advantage to hiring foreign workers. (Complaint ¶ 17).

Plaintiff alleges that Patni systemically underpays its H-1B employees by paying them "significantly less than State Farm pays Patni to obtain the services described on the work order . . . ."  (Complaint ¶ 30).  Patni allegedly also pays less than the actual or prevailing wage, in violation of federal law, and in violation of its representations on the H-1B petition (the "Labor Condition Application Form," or "LCA").
(Complaint ¶ 3).

Patni allegedly represented in its LCA that Plaintiff's annual salary would be $44,000.00, but Plaintiff alleges he was paid significantly less. He also alleges Patni did not pay him for overtime and made improper deductions from his paycheck.  Plaintiff maintains that he signed, under duress, a limited power of attorney giving Patni the right to "receive, endorse and deposit" for Patni's benefit any tax refunds due Plaintiff personally.  (Complaint ¶61-65).

Plaintiff found other employment in May 2005, apparently in California.  After securing that new employment, Plaintiff began making requests to Patni for the money owed him.  Patni officials allegedly refused, instead labeling Plaintiff as an "absconder" and demanding "bond."  This alleged false characterization precluded Plaintiff from receiving a

termination allowance from Patni to which he was entitled. (Complaint ¶ 54, 84). Patni executives also allegedly warned Plaintiff to drop the issue or face trouble in his new job and harassment of his parents in India. (Complaint ¶ 70).

In January 2007, Plaintiff filed this lawsuit in McClean County Circuit Court, pursuing three counts: 1) common law fraud based on Patni's false statements in the LCA (Count I); 2) conversion, based on Patni's wrongful deductions and withholdings from Plaintiff's paycheck (Count II); and, 3) unjust enrichment (Count III), based on Patni's refusal to pay the promised accrued leave, overtime, and salary represented in the LCA.

## STANDARD

"For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party seeking the transfer bears the burden of demonstrating the balance tips in their location. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989)(movant "has the burden of showing that 'the transferee forum is clearly more convenient.'")(*quoted cite omitted*). The decision rests in the discretion of the district court, reviewed

for "'clear abuse of discretion.'" Tice v. American Airlines, Inc., 162 F.3d 966, 974 (7th Cir. 1998)(*quoted cites omitted);* In re National Presto Industries, Inc., 347 F.3d 662, 664-65 (7th Cir. 2003)(declining to grant mandamus seeking venue transfer, even though factors appeared to weigh in favor of transfer).

Plaintiff does not dispute that venue would be proper in Massachusetts. (d/e 12, p.5). Accordingly, the analysis focuses on whether transfer to Massachusetts is "for the convenience of parties and witnesses, in the interests of justice."

In assessing the relative convenience of the competing forums, relevant factors include: 1) the plaintiff's choice; 2) the location of material events; and, 3) the accessibility of evidence (documents and witnesses). "[I]nterests of justice" encompasses factors such as efficient court administration (for example, speed of resolution),[1] the court's familiarity with the applicable law, and the locale's interest in and relation to the dispute. Coffey v. Van Corn Iron Works, 796 F.2d 217, 220-21 (7th Cir. 1986)(efficiency); Law Bulletin Publishing Co. v. LRP Publications, Inc., 992 F.Supp. 1014, 1019-20 (N.D. Ill. 1998)(judicial economy, court's

---

[1] The parties seem to agree that speed of resolution is a wash, so the court does not address this factor.

familiarity with law); Andrade v. Chase Home Finance, LLC, 2005 WL 3436400 *9 (N.D. Ill. 2005)(not reported in F.Supp.2d)(speed and competency of forum, desirability of resolving in home locale).

"When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff . . ." In re Presto, 347 F.3d at 665.

## I.  Plaintiff's Choice of Forum

"'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' . . . Rarely, however, is not never." In re National Presto Industries, Inc., 347 F.3d 662, 664 (7th Cir. 2003), *quoting* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)(Golf addressed dismissal for *forum non conveniens* was superseded in part by 1404(a))(other citations omitted); Tice, 162 F.3d at 974 (district court entitled to give some weight to plaintiff's choice).

Plaintiff is now a resident of California, not Illinois.  Illinois is not close to California, but it is closer than Massachusetts, Plaintiff's only other apparent forum choice.   Illinois is also roughly midway between

Massachusetts and California, spreading the inconvenience more evenly among the parties.  Additionally, Plaintiff has already secured counsel in Bloomington, where he worked for Patni, allegedly underpaid, for more than a year.  Though *counsel's* interest in retaining a case is not relevant, Plaintiff makes a good point that "the expense and inconvenience *for the plaintiff* to have to retain and instruct counsel in Massachusetts would be prohibitive, and would prevent [him] from obtaining justice."  (d/e 12, p. 7).

The cases cited by Patni are distinguishable.  *See, e.g.,* Coleman v. Buchheit, Inc, 2004 WL 609369 (N.D. Ill. 2004)(not reported in F.Supp.2d)(plaintiffs acknowledged that they did not reside in district and that no material events occurred in district; plaintiffs listed no witnesses who resided in district); Andrade v. Chase Home Finance, LLC, 2005 WL 3436400 (N.D. Ill. 2005)(not reported in F.Supp.2d)(plaintiff did not reside in or have any meaningful connection to district; no material events occurred in district; no witnesses in district); St. Paul Fire & Marine Ins. Co. v. Brother Int'l Corp., 2006 WL 1543275 (N.D. Ill. 2006)(insurance coverage dispute between companies, only one witness listed in district); The Heil Co. v. Currotto Can Co., 2005 WL 725737 (N.D. Ill. 2004)(not reported in F.Supp.2d)(patent dispute between companies, no witnesses

identified in district). In contrast to these cases, Plaintiff has demonstrated a significant interest in litigating his case in Illinois, despite his California location.

## II. Witnesses

Patni maintains that "[e]very Patni employee with knowledge [regarding Plaintiff's allegations] . . . are located at Patni's offices . . . [in Cambridge]. (Allapur Aff. ¶ 5, d/e 7, Ex. 1). Patni then names four individuals. Id. However, Plaintiff counters that several Patni employees located in Bloomington are necessary witnesses, though Plaintiff declines to identify them now because he fears they will be subjected to retaliation. (Plaintiff's Aff. ¶ 8, d/e 13).

Plaintiff's assertions that there are Patni employees in the Bloomington area with relevant information seems reasonable. Given the number of Patni employees working in the Bloomington area and Plaintiff's consulting job at State Farm, it is hard to believe that *all* relevant Patni witnesses are located in Massachusetts.

In any event, the location of company employees does not typically weigh heavily in the balance. Law Bulletin Publishing Co., 992 F.Supp. at 1019 (convenience of employee-witnesses "generally assigned little

weight")(other citations omitted). The location of non-party witnesses is more important: Are the expected non-party witnesses within the subpoena range of the district? In re National Presto Indus., Inc., 347 F.3d at 664; Andrade, 2005 Wl 3436400 * 7 ("the convenience of non-party witnesses is 'substantially more important than the convenience of party witnesses because the latter are within the party's control'")(quoted cite omitted).

Plaintiff asserts he "intends to call key non-party witnesses" who are located in this district, namely State Farm employees with information about how State Farm handles H-1B employees; State Farm's expectations for its vendors; the business relationship between State Farm and Patni; Plaintiff's work performance; and commensurate wages. (d/e 12, p. 7). Plaintiff specifically names 14 State Farm employees he avers he may need to subpoena for these purposes. (Plaintiff Aff. ¶ 9-10, d/e 13). In contrast, Patni lists no non-employee witnesses located in Massachusetts. Accordingly, the location of non-party witnesses weighs strongly in favor of this district.

### III. Documentary Evidence

Patni asserts that all the relevant records are located in Massachusetts, including correspondence, personnel records, the LCA,

and payment records. Plaintiff contends that these documents can be easily transported to Illinois, and, in any event, that relevant documents exist in Bloomington as well, such as the written agreement between Patni and State Farm and Plaintiff's work order. (d/e p. 7).

Patni has demonstrated that many of the documents are likely located in Massachusetts--this factor weights in their favor. However, Plaintiff has demonstrated at least some documents are located in Bloomington, which would be expected given Plaintiff's tenure at State Farm. In any event, even if the location of the documents favors Massachusetts, in the Court's opinion this factor is not important enough to outweigh Plaintiff's choice of forum or the location of non-party witnesses.

### IV. Site of material events and applicable law

Patni asserts that any fraud, conversion or unjust enrichment occurred in Massachusetts (or India), because the LCA was signed in Massachusetts and the alleged failure to pay would have occurred in Massachusetts. Patni "believes that Mr. Goel's claims are really federal law claims dressed up in common law garb . . . but even assuming that Mr. Goel's claims truly are cognizable common law tort claims, his claims will be governed by Massachusetts law." (d/e 7, p. 8).

Plaintiff counters that Illinois was the "place of the wrong" because Illinois is where Plaintiff worked and where he was underpaid for that work. Plaintiff does not address which state law applies to his claim. Nor does Plaintiff address Defendant's assertion that his claim is based on federal law, not state law.

Which state law applies to Plaintiff's claims (if any) is not a question now before the Court, nor could the Court answer the question without a further developed record and briefing. In terms of venue choice, if only federal law applies, no advantage is gained by transferring the case to Massachusetts, in terms of the forum court's familiarity with the law. On this record, the Court cannot rule out all possibility that some of Plaintiff's legal avenues for relief (which may yet be determined) are based on federal law or Illinois law. Thus, in the Court's opinion the possibility that Massachusetts law governs the asserted claims does not outweigh Plaintiff's choice of forum or the location of non-party witnesses.

As to the site of material events, it appears that material events occurred both in Illinois and Massachusetts, even assuming arguendo that the specific events that gave rise to the asserted causes of action occurred in Massachusetts. Plaintiff's performance of his job in Bloomington, his

"absconding," what State Farm workers were paid, the posting of LCA notices, and the business relationship between Patni and State Farm all arguably occurred here and relate to this lawsuit, even if not dispositive of which state law applies (if any).  (d/e 12, p. 8).  Additionally, the Court is not persuaded on this record that Massachusetts necessarily has a greater interest in regulating Patni's employment practices than Illinois, where Plaintiff was allegedly underpaid for his work performed in Illinois.  Finally, even if the situs of material events favors Patni, the Court does not believe this factor outweighs the Plaintiff's interest in choosing his forum or his need for non-party witnesses located in Bloomington.

In sum, Defendant has not demonstrated that considerations of convenience and justice warrant transferring this case to Massachusetts.  The Court further concludes that Plaintiff has demonstrated those same considerations weigh in favor of venue in the Central District of Illinois.

IT IS THEREFORE ORDERED THAT Defendant's Motion to Transfer Venue is DENIED (d/e 6).

ENTER:    May 11, 2007

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE