**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

```
VISHAL GOEL,                    )
                                )
     Plaintiff,                 )
                                )   No. 07-cv-1034
v.                              )
                                )
PATNI COMPUTER SYSTEMS, Inc.    )
                                )
     Defendant.                 )
```

## O P I N I O N   A N D   O R D E R

Before the Court is Defendant's Objection [Doc. 20] filed on May 21, 2007. The Defendant objects to Magistrate Judge Byron G. Cudmore's Opinion [Doc. 15] denying the Defendant's Motion to Transfer Venue [Doc. 6]. Plaintiff filed a Response [Doc. 21] to the Objection on June 5, 2007. For the following reasons, Defendant's Objection is OVERRULED.

**A.
BACKGROUND**

Judge Cudmore accurately described the facts before the Court as follows:

Defendant, Patni Computer Systems ("Patni"), is a company organized under the laws of the Republic of India, providing computer consultants to businesses throughout the United States. (Complaint ¶ 10.) Patni asserts it is incorporated in Massachusetts and has its principal place of business in Massachusetts. Patni has a registered agent in Illinois, and

its Illinois clients include the State Farm Fire and Casualty Company ("State Farm") located in Bloomington.  (Complaint ¶ 12.)  Reportedly, about 80 Patni employees work in the Bloomington office and nearly 400 Patni employees work in the Bloomington area.  (Doc. 12 at 6.)

Pursuant to a "Master Alliance Agreement," Patni fills works orders from State Farm with Patni employees.  (Complaint ¶ 13, 23-26.)  Apparently pursuant to such a work order, Patni employed Plaintiff, a citizen of India, to provide computer consulting for State Farm in Bloomington, Illinois, beginning in January 2004.  (Complaint ¶ 13.)  Plaintiff came into the United States to perform this work on "H-1B nonimmigrant status."  Id. This status was achieved on petition by Patni and approval by the United States Citizenship and Immigration Service. (Complaint ¶ 14, 27.)  Under the Immigration and Nationality Act, H-1B employees must be paid the prevailing local wage or the actual wage, whichever is greater, in order to eliminate economic advantage to hiring foreign workers.  (Complaint ¶ 17.)

Plaintiff alleges that Patni systemically underpays its H-1B employees by paying them "significantly less than State Farm pays Patni to obtain the services described on the work order . . . ."  (Complaint ¶ 30.)  Patni allegedly also pays less than the actual or prevailing wage, in violation of federal law, and in violation of its representations on the H-1B

2

petition (the "Labor Condition Application Form," or "LCA"). (Complaint ¶ 3.)

Patni allegedly represented in its LCA that Plaintiff's annual salary would be $44,000.00, but Plaintiff alleges he was paid significantly less. He also alleges Patni did not pay him for overtime and made improper deductions from his paycheck. Plaintiff maintains that he signed, under duress, a limited power of attorney giving Patni the right to "receive, endorse and deposit" for Patni's benefit any tax refunds due Plaintiff personally. (Complaint ¶61-65.)

Plaintiff found other employment in May 2005, apparently in California. After securing that new employment, Plaintiff began making requests to Patni for the money owed him. Patni officials allegedly refused, instead labeling Plaintiff as an "absconder" and demanding "bond." This alleged false characterization precluded Plaintiff from receiving a termination allowance from Patni to which he was entitled. (Complaint ¶ 54, 84.) Patni executives also allegedly warned Plaintiff to drop the issue or face trouble in his new job and harassment of his parents in India. (Complaint ¶ 70).

In January 2007, Plaintiff filed this lawsuit in McClean County Circuit Court, pursuing three counts: 1) common law fraud based on Patni's false statements in the LCA (Count I); 2) conversion, based on Patni's wrongful deductions and

withholdings from Plaintiff's paycheck (Count II); and, 3) unjust enrichment (Count III), based on Patni's refusal to pay the promised accrued leave, overtime, and salary represented in the LCA.

Patni brought a Motion to Change Venue before Judge Cudmore arguing that the proper Venue for this case is the District of Massachusetts. Patni emphasized that all of their employees with knowledge of Plaintiff's allegations are located at Patni's offices in Cambridge, Massachusetts and argued that Massachusetts law would govern Plaintiff's claim. However, Judge Cudmore highlighted the Plaintiff's choice of forum and the location of non-party witnesses in the Central District of Illinois and denied Patni's Motion to Transfer.

## B.
## LEGAL STANDARD

The standard of review of an order or recommendation made by a magistrate judge is governed by 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72. The scope of review of a magistrate's report differs depending upon whether the magistrate judge's order addresses a dispositive or a non-dispositive matter.

A magistrate's ruling on a non-dispositive matter may be reversed only on a finding that the order is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1).

"A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum, Co., 333 U.S. 364, 395 (1948).

Courts have consistently found routine discovery motions, such as a motion to compel, to be "non-dispositive" within the meaning of Rule 72(a). See e.g. Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir.1990); Johnson v. Old World Craftsmen, Ltd., 638 F.Supp. 289, 291 (N.D.Ill.1986). Like discovery motions, a motion to transfer venue is a non-dispositive pre-trial matter which is reviewed under the "clearly erroneous" standard. See, e.g. Harris v. Edward Hyman Co., 664 F.2d 943, 945 n.7 (5th Cir. 1981); Shenker v. Murasky, 1996 WL 650974 (E.D.N.Y. 1996).

### C.
### ANALYSIS

Patni argues that Judge Cudmore erred in two respects: First, the non-party witnesses highlighted by Judge Cudmore do not have any material and relevant information concerning Plaintiff's claim; and second, Judge Cudmore gave impermissible weight to Plaintiff's choice of forum. However, a review of Judge Cudmore's Opinion does not show any sign of error and certainly does not leave this Court with "a definite and firm

conviction that a mistake has been made." Gypsum, 333 U.S. at 395.

### 1. Non-Party Witnesses

Patni argues that the non-party witnesses located in Illinois are "irrelevant" to the proceedings and Judge Cudemore erred by accepting Plaintiff's assertion that the non-party witnesses were "key" to the proceeding.

The non-party witnesses at issue are fourteen State Farm employees located in this District. They allegedly have information about commensurate wages, how State Farm handles H-1B employees, State Farm's expectations for its vendors, the business relationship between State Farm and Patni, and Plaintiff's personal work performance. (Doc. 12 at 7.)

This expected testimony is relevant to Plaintiff's claim of unjust enrichment. Plaintiff alleges that Patni systemically underpays its H-1B employees by paying them "significantly less than State Farm pays Patni to obtain the services described on the work order . . . ." (Complaint ¶ 30). Furthermore, Plaintiff alleges that by "not paying Plaintiff's earned wages, accrued leave and underpaying for overtime, and retaining the amounts for itself, Patni has unjustly retained a financial benefit . . . ." (Complaint at ¶ 106.) The testimony from State farm employees regarding their job duties and commensurate pay could provide relevant and material evidence of if or how much

6

Patni was unjustly enriched.[1]  Accordingly, Judge Cudmore correctly emphasized the testimony of the State Farm employees when weighing the choice of venue.  See Brunswick Bowling v. Qubica USA, Inc., No. 05 C 3603, 2005 WL 2367764 at *3 (N.D.Ill. Sep. 26, 2005)(noting that "the location and convenience of potential, non-party witnesses is often viewed as the most important factor in the transfer balance.")(internal quotations omitted).

### 2. Plaintiff's Choice of Forum

Patni contends that Judge Cudmore erred by giving deference to Plaintiff's choice of forum.  Generally, a Plaintiff's choice of forum is given deference.  See Kamel v. Hill-Rom Co., Inc., 108 F.3d 799, 803 (7th Cir. 1997).  However, Patni argues that "where the plaintiffs do not reside in their chosen forum and where the plaintiffs' choice of forum is not the site of material events, the deference the court affords this choice is fundamentally minimized."  (Doc. 20 at 7; citing Coleman v.

---

[1] Plaintiff notes in his Complaint that under the Immigration and Nationality Act, H-1B employees must be paid the prevailing local wage or the actual wage, whichever is greater, in order to eliminate the economic advantage to hiring foreign workers. (Complaint at ¶ 17.)  However, none of the actual counts alleged in Plaintiff's complaint include an allegation that Patni violated the Immigration and Nationality Act, and Plaintiff has not amended his Complaint since this case was removed from a state court to include such a claim.  If Plaintiff amended his Complaint to include such a claim, then the State Farm employee's testimony would have further relevance since their testimony would provide evidence of the "prevailing local wage" as required under Plaintiff's description of the statute.

Lyons, No. 03 C 7495, 2004 U.S. Dist 4677 at *3 (N.D.Ill. March 19, 2004).)  And, Patni emphasizes that Plaintiff is not a resident of Illinois and the allegedly fraudulent statement (namely, filing out the Labor Condition Application Form) occurred in Massachusetts.

However, given Patni's alleged defalcations, Illinois has a substantial interest in the outcome of this litigation.  As Judge Cudmore pointed out, Plaintiff was allegedly underpaid for work performed in Illinois.  Illinois' local economy has a substantial interest in preventing foreign workers from being fraudulently paid less than the prevailing wage for work performed in Illinois.  Regardless of where a form is filled out, if foreign workers can be defrauded and paid a lower wage, then a substantial economic advantage is given to companies that can defraud foreign workers rather than paying the local prevailing wage.  Thus, local businesses that do not take advantage of foreign workers are priced out of the market.  See Yan Chen, An Examination on Regulating the Employment of Foreign Skilled Workers in the United States, 6 U. Pa. J. Lab. & Emp. L. 179, 194-197 (2003).  As a result, Illinois has a substantial interest in the outcome of this action, and Judge Cudmore correctly considered the Plaintiff's choice of forum.

Accordingly, Judge Cudmore correctly denied Patni's Motion to Transfer Venue.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendant's Objection [Doc. 20] is OVERRULLED.

ENTERED this  13th  day of June, 2007.

                                     s/ Joe Billy McDade
                                        Joe Billy McDade
                              United States District Judge