UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| VISHAL GOEL and PEEUSH GOYAL, | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 07-cv-1034 |
| v. | ) ) |
| PATNI COMPUTER SYSTEMS, INC., | ) ) |
| Defendant. | |

## O P I N I O N & O R D E R

Before the Court is Magistrate Judge Cudmore's Report and Recommendation (R&R) [Doc. 46] addressing Defendant's Motion to Dismiss All Counts of Plaintiffs' First Amended Complaint [Doc. 39]. The R&R recommends denial of the Motion to Dismiss, except for the conversion claims set forth in Counts II and V of the First Amended Complaint. Defendant has filed objections [Doc. 47] to the R&R and Plaintiffs have responded to these objections [Doc. 48]. For the reasons that follow, the R&R is ADOPTED. Defendant's request for oral argument is DENIED.

### I.  BACKGROUND

Plaintiff Vishal Goel originally filed this action against Patni Computer Systems, Inc., his former employer, in the Circuit Court of McClean County. Defendant Patni removed the case to federal district court based on diversity jurisdiction. Defendant then filed a motion to dismiss the original complaint, and the Court stayed discovery pending a ruling on that motion. [11/5/07 Text Order]  The motion to dismiss was denied without prejudice after Plaintiff Goel was granted leave to file an amended complaint. Thereafter, Goel and an additional plaintiff, Peeush Goyal, filed their First Amended Complaint [Doc. 38], alleging common law fraud, conversion,

and unjust enrichment.  The complaint states that Defendant employed Plaintiffs in H-1B nonimmigrant status as computer consultants in Bloomington, Illinois.  Plaintiff Goel maintains that Defendant paid him less than his earned wage, made improper deductions from his paycheck, failed to pay him a termination allowance and for accrued leave, and underpaid him for overtime.  Plaintiff Goyal similarly alleges that Defendant did not pay him as promised and took improper deductions from his paycheck.  Defendant has filed a Motion to Dismiss All Counts of Plaintiffs' First Amended Complaint.

In its motion to dismiss and its objections to the R&R, Defendant asserts that Plaintiffs' claims are preempted by the Immigration and Nationality Act, 8 U.S.C. § 1001, *et seq.* (INA).  Defendant asserts that the administrative remedial scheme provided in 8 U.S.C. § 1182(n)(2)(A) and accompanying regulations is the only avenue through which Plaintiffs can seek relief for the grievances that they allege.  [Def.'s Obj. to R&R at pp. 5-13]  Defendant argues that an H-1B worker who has an employment related grievance must file a complaint with the Department of Labor (DOL) and appeal to an Administrative Review Board before seeking review in a federal district court.  Alternatively, Defendant argues that, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiffs fail to state a claim for common law fraud, conversion, or unjust enrichment.

Magistrate Judge Cudmore has issued an R&R, finding that Defendant's preemption defense is without merit.  [R&R at p. 9]  Additionally, the R&R rejects Defendant's 12(b)(6) attack on Plaintiffs' fraud and unjust enrichment claims but recommends that Plaintiffs' conversion claims be dismissed on 12(b)(6) grounds.  [R&R at p. 19]  Defendant has objected to the R&R on the issues of preemption and unjust enrichment.  Plaintiffs have responded to Defendant's objections by asking the Court to adopt the R&R in its entirety.

## II.  STANDARD OF REVIEW

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which a "specific written objection has been made." Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences from those facts in the light most favorable to the plaintiff. Richards v. Kiernan, 461 F.3d 880, 882 (7th Cir. 2006).  A plaintiff is not required to plead extensive facts, legal theories, or to anticipate defenses. Massey v. Merrill Lynch & Co., Inc., 464 F.3d 642, 650 (7th Cir. 2006).  A plaintiff need only provide a short and plain statement of the claim, showing that relief is warranted, but must also provide more than conclusory statements that amount to recitations of the elements of the cause of action. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007).

## III.  ANALYSIS

Judge Cudmore has recommended that Defendant's Motion to Dismiss All Counts of Plaintiffs' First Amended Complaint be granted in part and denied in part.  Neither party has objected to the Judge's recommendations that Plaintiffs' conversion claims be dismissed and that Plaintiffs' fraud claims survive Defendant's 12(b)(6) attack.  As a result, the Court adopts those recommendations. See 28 U.S.C.A § 636(b)(1) (West 2008).  The Court also adopts the Judge's finding that diversity jurisdiction is proper in this case. See R&R p. 3, n1.  Defendant has objected only to the following recommendations: (1) that Plaintiffs' claims should not be

3

dismissed on federal preemption grounds and (2) that Plaintiffs' unjust enrichment claims should survive Defendant's 12(b)(6) challenge. The Court addresses Defendant's objections below.

**1. Federal Preemption**

First, Judge Cudmore was correct to point out that federal preemption is an affirmative defense. Fifth Third Bank ex rel. Trust Officer v. CSX Corp., 415 F.3d 741, 745 (7th Cir. 2005). Generally, affirmative defenses should not be raised in 12(b)(6) motions. Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003). Nevertheless, the Court finds no reason to delay a ruling on Defendant's preemption defense. The defense raises a question of law, and the issue has been thoroughly briefed. Trustees of AFTRA Health Fund v. Biondi, 303 F.3d 765, 772 (7th Cir. 2002).

 A. *Field Preemption*

The Court rejects any suggestion from Defendant that the INA preempts Plaintiffs' state law claims by "occupying the field" of H-1B nonimmigrant employment regulation. In DeCanas v. Bica, 424 U.S. 351, 358 (1976), the United States Supreme Court held that the INA is not field-preemptive in the area of employment of illegal aliens. DeCanas is a significant obstacle to Defendant's argument. If the INA does not preempt states from enacting statues specifically directed at the employment of illegal aliens, it is a stretch to argue, as Defendant does, that the INA preempts state common law as applied to H-1B workers asserting employment-related grievances. Ultimately, Defendant cites to no decision directly supporting its argument, and the Court is unpersuaded.

 B. *Conflict Preemption*

The Court also rejects Defendant's argument that the availability to Plaintiffs of state law fraud and unjust enrichment remedies conflicts with or frustrates the purpose of the INA.

4

First, Defendant argues that Plaintiffs are attempting to use state common law to pursue in federal district court what amounts to a private cause of action for §1182(n) violations. Defendant, however, cites to no case in which a court was persuaded by that argument. Instead, Defendant cites to various cases that involve plaintiffs seeking relief in federal district court based on §1182(n). While it is true that the INA does not allow persons to bring §1182(n) actions directly in federal district court, Plaintiffs are not attempting to sue based on §1182(n). Plaintiffs seek relief based only on state law.

Next, Defendant argues that to allow Plaintiffs' common law claims to proceed would frustrate the purpose of the INA. In making this argument, Defendant relies on Arres v. IMI Cornelius Remcor, Inc., 333 F.3d 812 (7th Cir. 2003). The holding in Arres, however, is much narrower than Defendant characterizes it. In Arres, the plaintiff employee based her state law retaliatory discharge claim on 8 U.S.C. §1324a. Specifically, she asserted that an employer's discharge of an employee for refusal to participate in suspected §1324a violations warranted a state law cause of action for retaliatory discharge in violation of public policy. The Court of Appeals rejected that argument primarily because §1324a did not include a retaliatory discharge provision. Arres, 333 F.3d at 815. To accept the employee's argument would have required the Court of Appeals to employ a federal statute in a way that Congress did not intend. See id.

Unlike the plaintiff in Arres, Plaintiffs here do not tie their claims to a provision of the INA. Plaintiffs do not ask this Court—as the Arres plaintiff did—to provide a remedy where Congress has determined none should exist. Plaintiffs in this case seek to pursue only state law remedies that happen to be available to them in additional to a federal administrative remedy for § 1182(n) violations.

5

More broadly, Plaintiffs' state law causes of action seem to be harmonious with the purpose of the INA and, specifically, with section §1182(n).  Defendant admits that Congress enacted the remedial provisions of §1182(n) to protect U.S. workers by prohibiting employers from gaining an economic advantage by hiring foreign workers at below-market wages.  See Def.'s Obj. to R&R at pp. 9-10.  The parties do not dispute that Congress intended for section §1182(n)(2)(A) to penalize employers who treat H-1B workers unfairly in an economic sense. The common law claims of fraud and unjust enrichment, as applied to the facts of this case, work toward the same goal by affording Plaintiffs a means by which to hold their employer accountable for allegedly improper treatment.

Perhaps in realization of the congruence between Plaintiffs' state law claims and the central purpose of §1182(n), Defendant seems to fish around for alternative purposes of the statute.  Defendant claims to identify three such purposes: (1) sufficient utilization of §1182(n)'s administrative procedures; (2) collection of civil penalties from employers that violate the statute; and (3) prohibiting employers who violate the statute from bringing new H-1B workers into the country.  Without pointing to any relevant case or portion of the statute's legislative history, Defendant argues that these three "goals" of §1182(n) are thwarted when H-1B employees are allowed to pursue state law claims like those that Plaintiffs assert.

These three considerations cannot be properly characterized as goals.  It is awkward, if not inaccurate, to argue that §1182(n) was enacted for the purpose of being utilized.  Similarly, the collection of civil penalties and the imposition of debarment are better characterized as incentive devices than as goals.  The threat of civil penalties and of debarment provide an incentive for employers to offer competitive salaries to H-1B workers, which is the larger objective of § 1182(n).  That incentive is reinforced, not weakened, by the threat to an employer

6

of a civil suit under common law by an aggrieved H-1B employee.  As applied to the facts of this case, the state law remedies that Plaintiffs seek are harmonious with the section §1182(n) and are not preempted.

## 2. Unjust Enrichment

Defendant argues that Plaintiffs' unjust enrichment claims should be dismissed because a contract exists between the parties.  A claim for unjust enrichment does not lie if an express contract or a contract implied in fact exists between the parties and concerns the same transaction.  Heavey v. Ehret, 166 Ill. App.3d 347, 355 (1st Dist. 1988).  Judge Cudmore correctly noted that the factual record is not yet developed enough to dispose of the unjust enrichment claims.  In ruling on 12(b)(6) motions, the Court looks to the complaint and construes it in the light most favorable to the plaintiff.  Richards v. Kiernan, 461 F.3d at 882.  Plaintiffs' First Amended Complaint does not specifically allege that Plaintiffs' relationships with Defendant were governed by employment contracts.  In fact, the complaint states the opposite, denying the existence of any contracts.  See 1st Am. Compl. ¶ 140, 166.  Further, the complaint sufficiently alleges that Plaintiffs conferred a benefit on Defendant, which Defendant has unjustly retained.  See 1st Am. Compl. ¶ 139-44; 165-69.  Therefore, the unjust enrichment claims are properly alleged.  See HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 131 Ill.2d 145, 160 (1989).

Although the Court ultimately rejects Defendant's 12(b)(6) attack on the unjust enrichment claims, Plaintiffs do seem to miss the point of Defendant's argument.  Plaintiffs focus exclusively on the Labor Condition Applications (LCAs) that Defendant filed with the Department of Labor in order to hire Plaintiffs.  Plaintiffs assert that the LCA forms do not constitute signed employment contracts.  However, Defendant's contention is not that the LCAs

are employment contracts.  Instead, Defendant contends that employment contracts exist because of the underlying mutual promises made between the parties regarding payment for employment.

While Plaintiffs' unjust enrichment claims do seem to fit better into a breach of contract theory, it is too early in the litigation to dismiss them.  The allegations in the complaint do not conclusively establish that enforceable contracts existed.  Therefore, it remains possible that contracts did not exist and that Plaintiffs could prevail on their unjust enrichment claims.  See Zurich Capital Mkts., Inc. v. Coglianese, 388 F. Supp.2d 847, 869 (N.D. Ill. 2004).  Therefore, the Court will allow Plaintiffs' unjust enrichment claims to survive the motion to dismiss.

### IV.  CONCLUSION

For the foregoing reasons, Magistrate Judge Cudmore's Report and Recommendation regarding Defendant's Motion to Dismiss All Counts of Plaintiffs' First Amended Complaint is ADOPTED in its entirety.  Defendant's Motion to Dismiss is GRANTED with respect to Plaintiffs' conversion claims set forth in Counts II and V of the First Amended Complaint and DENIED as to all other claims.  This matter is referred back to Judge Cudmore for further pretrial proceedings.

Entered this 8th day of September, 2008.

                                                            s/ Joe B. McDade
                                                            JOE BILLY McDADE
                                                  United States District Judge